UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              No. 17-CR-353 MV

CRYSTAL MURO-JIMENEZ

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Crystal Muro-Jimenez's Motion for Sentence Reduction Under U.S.S.G. 821 Amendment. Doc. 55. The government filed a Response. Doc. 56. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds that Ms. Muro-Jimenez is not eligible for a sentence reduction and the motion must be denied.

### DISCUSSION

On November 13, 2018, Ms. Muro-Jimenez plead guilty to Count 1 of a one-count Indictment charging her with Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). The mandatory minimum sentence for this conviction is 10 years in custody.

Pursuant to 18 U.S.C. § 3582(c)(2), "the court may reduce the term of imprisonment" for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has" been (1) "subsequently . . . lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" 18 U.S.C. § 3582(c)(2), and (2) "made retroactive pursuant to [28 U.S.C.] § 994(u)." 2 *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560

U.S. 817, 824 (2010)). When her Presentence Investigation Report was prepared, Ms. Muro-Jimenez received two status points on her criminal history score because she was under a criminal justice sentence when she committed the offense for which she was convicted. The additional two status points brought her to a criminal history score of five, putting her in Criminal History Category III. With a base offense level of 33, her Guidelines range was 135-168 months. On August 29, 2019, this Court sentenced Ms. Muro-Jimenez to 10 years in custody. Under Amendment 821 to the United States Sentencing Guidelines, which became effective on November 1, 2023 and which the Sentencing Commission made retroactive, the Commission altered the status points provision in § 4A1.1(e). Applying § 4A1.1(e) as amended, Ms. Muro-Jimenez would not receive the two additional status points on her criminal history score and she would be in Criminal History Category II. Her Guidelines range would therefore be 108-135 months.

Although her Guidelines range has been lowered by the Amendment, the Court already sentenced Ms. Muro-Jimenez to the minimum term of imprisonment for her conviction. Unless the Court previously had the authority to impose a sentence below the mandatory minimum due to a defendant's substantial assistance, nothing in the statute governing reductions (18 U.S.C. § 3582(c)(2)) or in its corresponding section of the Guidelines (U.S.S.G. § 1B1.10) authorizes a court to go below the applicable mandatory minimum, even if the defendant's Guidelines range has been lowered by an amendment. Since the Court was not originally authorized to go below the mandatory minimum, and she was already sentenced to the mandatory minimum of 10 years, she is not eligible for a sentence reduction and her motion must be denied.

**IT IS THEREFORE ORDERED THAT** Ms. Muro-Jimenez's Motion for Sentence Reduction Under U.S.S.G. 821 Amendment [Doc. 55] is denied.

ENTERED this 28th day of April 2025.

                                                      _____
                                                      MARTHA VÁZQUEZ
                                                      SENIOR UNITED STATES DISTRICT JUDGE